IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BHAGWAT DHALIWAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:15-cv-2890-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Bhagwat Dhaliwal seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### **Background**

Plaintiff alleges that he is disabled due to left eye blindness, diabetes, arthritis, and high blood pressure. *See* Administrative Record [Dkt. No. 12 ("Tr.")] at 195. He has a bachelor's degree in economics from India and past work experience as a ceramics machine operator. *See id.* at 47. He was diagnosed with left-eye blindness in 2000. *See id.* at 24, 169, 440. Plaintiff has not engaged in substantial gainful activity since May 8, 2012. *See id.* at 35.

After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge

("ALJ"). That hearing was held on February 24, 2014. *See id.* at 30. At the time of the hearing, Plaintiff was 52 years old. *See id.* at 34.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from blindness in the left eye, neurovascular glaucoma in the right eye with 20/60 impairment, diabetes mellitus, type II diabetes, joint disease, hypertension, and diabetic retinopathy with macular edema , the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 22. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) with occasional limitations on tasks requiring depth perception, near acuity, and far acuity but could not return to his past relevant employment. *See id.* at 22, 27. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a scrap sorter (DOT 507-686-018), poultry hanger (DOT 525-682-078), and hospital cleaner (DOT 323-687-010) – jobs that exist in significant numbers in the national economy. *See id.* at 28. Given his age, education, and residual functional capacity, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 27-28.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence. More particularly, he argues

that the ALJ's assessment of his residual functional capacity to perform medium work with occasional visual limitations: (1) does not comply with the legal standards set forth in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995); and (2) erroneously omits his need for a cane.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain

whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in

appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to

fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ assessed Plaintiff's RFC without medical evidence regarding the effects his visual impairments had on his ability to work, contrary to the legal standards set forth in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). Dkt. No. 15 at 6, 7.

The RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The RFC refers to the most that a claimant is able to do despite his physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a); 416.945(a). The RFC is considered by the ALJ, along with the claimant's age, education, and work experience, in determining whether a claimant can work. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Generally, an ALJ should request a medical source statement that

describes the types of work a claimant can still perform. *See Ripley*, 67 F.3d at 557. But the absence of such a statement is not reversible error if the ALJ's decision is nevertheless supported by substantial evidence. *See id.* Reversal is warranted only if the claimant shows that he was prejudiced. *See id.*

In *Ripley*, the ALJ ruled that the claimant could perform a full range of sedentary work, which involves sitting for about six hours out of an eight hour work day, even though there was no medical evidence or testimony supporting that conclusion. *See id.* 67 F.3d at 557 & 25. The Court of Appeals noted that the claimant's record contained a vast amount of evidence establishing that he had a back problem but did not clearly establish the effect that condition had on his ability to sit for six hours or work. *See id.* at 557 n. 28. The Fifth Circuit rejected the Commissioner's argument that the medical evidence substantially supported the ALJ's conclusion because the Court of Appeals was unable to determine the effects of the claimant's conditions, "no matter how small" on his ability to work, absent a report from a qualified medical expert. *Id.* at 558 n.27. The Fifth Circuit therefore remanded with instructions for the ALJ to obtain medical evidence regarding the effects of the claimant's back condition on his ability to work. *See id.* at 557-58.

The ALJ found that Plaintiff was not precluded from all work activity but instead had the RFC "to perform medium work ... with occasional limitations on tasks requiring depth perception, near acuity, and far acuity." Tr. at 22. To determine Plaintiff's RFC, the ALJ reviewed his testimony, function report, and treating

physicians' opinions. *See* Tr. at 24-26. The ALJ also considered the State Agency Medical Consultant's, Dr. Scott Spoor, opinion.

Plaintiff testified that he could not read, see clearly, or operate machines or computers due to his vision loss. *See id.* at 25, 39. Plaintiff's testimony also indicated that his "major impairment is a blind left eye." *Id.* at 24. The ALJ concluded that Plaintiff's testimony was not entirely credible because it countered his admissions that he continued to work years after he lost vision in his left eye, lived independently, handled his finances, dressed himself, took care of his own hygiene, prepared his own food, and did his own laundry. *See id.* at 26, 35-36, 43-44.

In a January 2011 examination, Dr. David G. Godfrey opined that Plaintiff has been blind in his left eye since 2000. *See id.* at 36, 440. The ALJ also referenced Plaintiff's November 2013 visual exam, where Dr. A. Bhasin noted that Plaintiff "had 20/60 vision in the right eye and no light perception with the left eye ... [and] glaucoma." *Id.* at 628. Dr. Morgan Leigh Pansegrau opined that Plaintiff "is blind in the left eye and has chronically decreased peripheral and central vision in the right eye." *Id.* at 622. Dr. Victoria Sheila Starks and Dr. Pankaj C. Patel confirmed Plaintiff's inability to see with his left eye. *See id.* at 24, 627, 629. Dr. Starks also opined that Plaintiff's depth perception was impaired, and Dr. Patel stated that Plaintiff has poor right eye vision and glaucoma, *see id.* at 24, 627, 629.

None of these treating physicians explained how Plaintiff's vision problems affected his ability to work. Dr. Spoor also noted that Plaintiff lost his vision but did

not indicate that Plaintiff had any visual limitations. *See id.* at 372, 376. Instead, Dr. Spoor opined that it is reasonable to assume that Plaintiff "would be able to sustain substantial gainful activity in the national economy ... [and that his] allegations may constitute some limitations but do not fully compromise work ability." *Id.*

The ALJ gave great weight to Dr. Spoor's assessment that Plaintiff was not precluded from all work activity. *See id.* at 22, 25, 26. The ALJ found that the evidence indicated that Plaintiff is permanently blind in the left eye with no light perception, has impaired depth perception, and has 20/60 vision, chronically decreased peripheral and central vision, and glaucoma in the right eye. *Id.* at 25. Despite these findings, the ALJ reasoned that Plaintiff "has usable vision in the right eye," and the RFC to perform medium exertional work with occasional limitations on tasks requiring depth perception, near acuity, and far acuity. *Id.*

Plaintiff correctly contends that neither his treating physicians nor Dr. Spoor found that he had the aforementioned visual limitations. *See* Dkt. No. 15 at 7; Dkt. No. 17 at 2; *see also West v. Sullivan*, 751 F. Supp. 647, 648 (N.D. Tex. 1990).

In a situation in which a medical source statement supporting the ALJ's RFC determination has not been provided, the Court focuses on whether the ALJ's decision is supported by substantial evidence in the existing record. *See Ripley*, 67 F.3d at 557. But the Court of Appeals has reversed a RFC determination where a "record does not clearly [ ] establish the effect [a plaintiff's] condition had on his ability to work." *Id.*

Here, the ALJ included visual limitations that were not supported by Dr. Spoor's opinion. While the ALJ may choose to reject medical sources' opinions, she cannot then independently decide the effects of Plaintiff's impairments on his ability to perform work-related activities, as that is prohibited by *Ripley*, 67 F.3d at 557-58, even if the ALJ may be seeking to simply give Plaintiff the benefit of the doubt as to what limitations might apply. Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given his impairments. *See id.* at 557. The Court therefore "cannot agree that the evidence substantially supports the conclusion that [Plaintiff] was not disabled because [the Court is] unable to determine the effects of [Plaintiff's] conditions...on [Plaintiff's] ability to perform ... work." *Id.* at 557 n.27; *cf. Williams v. Astrue*, 355 F. App'x 828, 831–32 (5th Cir. 2009) (reversing and remanding where the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining RFC).

Reversal is only warranted, however, if the claimant shows that he was prejudiced by the ALJ's error. Plaintiff argues that the ALJ's failure to obtain medical opinion evidence regarding the effects of his visual impairments was prejudicial because the ALJ could have reached a different disability determination regarding the effects that his lost vision had on his ability to work, given his treating physician's opinions regarding his progressively degenerating eyesight and his own testimony. *See* Dkt. No. 15 at 10.

Prejudice can also be established by showing that adherence to a ruling, like *Ripley*, might have led to a different decision. *See Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Newton*, 209 F.3d at 458; *Ripley*, 67 F.3d at 557). And prejudice is demonstrated here where the ALJ could have obtained evidence that might have changed the result – specifically, a medical source statement.

As such, reversal and remand for further proceedings is required here.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: July 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE